

**ORDERED in the Southern District of Florida on February 17, 2015.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF:                          CASE NO.: 14-34557-RAM
ADOLFO J. PERLAZA and                      CHAPTER 13
SANDRA PERLAZA
       Debtors,
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON GREEN TREE SERVICING, LLC., DE #24

THIS CASE came to be heard on February 10th, 2015, on the Debtors' *Verified Motion to Value and Determine Secured Status of Lien on Real Property held by Green Tree Servicing, LLC.,* (Docket Entry #24; the "Motion"). Based upon the Debtors' assertions made in support of the Motion, without objection being heard at the aforementioned hearing, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of Debtors' real property (the "Real Property") located at 10305 SW 154, Circle Court, Unit #24, Miami, FL 33196 more particularly described as

**Legal Description: Being number lot: 24 Block: 4 In Chateaubleau at Hammocks Condo PH 01 as shown in the recorded plat/map thereof in 122-29 of Dade County, Records**

is $93,180.00  at the time of filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of Green Tree Servicing, LLC (the "Lender") is $164,545.00.

Consequently, it is **ORDERED** as follows:

1.  The motion is **GRANTED.**

2.  Lender has an allowed secured claim of 0.00.

3.  Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on December 15, 2006 at Book 25195 Pages 2317-2322 (6pages) in the official records of Miami-Dade County, Florida, shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.  Lender filed proof of claim 4-1 in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $19,669.75, regardless of the original classification in the proof of claim as filed.

5.	The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.	Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.